UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SHYHEEM LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:10-CV-246-GFVT |
| ) | |
| V. ) | |
| ) | |
| D. L. STINE, WARDEN, et al., ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Shyheem Lee Smith has failed to respond to the defendants' motion to dismiss this action, or alternatively, for summary judgment [R. 18], as well as this Court's Order expressly requiring him to do so upon peril of dismissal. [R. 21] As explained below, his complaint will be dismissed for his failure to prosecute this action.

**I**

While incarcerated at the Federal Correctional Institution in Edgefield, South Carolina and proceeding without counsel, Smith filed this civil rights action asserting constitutional claims pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] Smith was confined in the United States Penitentiary - McCreary, located in Pine Knot, Kentucky, from March 6, 2008 to October 15, 2009. [R. 18-3 (Decl. of Carlos Martinez), p. 2, ¶ 3] Smith alleged that in June 2008, he slipped and fell in the shower at the prison due to (1) "unsafe and slippery tile" when wet and (2) no safety mats, either inside or outside of the shower, to prevent one from slipping and falling on the wet tile. He claimed that

1

as the result of this fall, he injured his left knee and that the defendants[1] were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights under the U.S. Constitution.

The Court screened Smith's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. On May 31, 2012, the Court entered a Memorandum Opinion and Order which severed Smith's claims against the prison officials at FCI-Edgefield and transferred them to the District of South Carolina for further disposition.  The Order also dismissed Smith's claims against several defendants in their official capacities, but directed them to respond to his individual capacity claims that they had displayed deliberate indifference to his serious medical needs. [R. 9]

On August 28, 2012, the defendants moved to dismiss the complaint, or in the alternative for summary judgment. [R. 18]  Defendants' counsel certified that she had mailed a copy of that motion and supporting memorandum to Smith at FCI-Edgefield, Smith's address at that time. [*Id*., p. 2]  Shortly after that motion was filed, on September 10, 2012, Smith filed a handwritten notice indicating that his address had changed, and provided a residential address in Las Vegas, Nevada. [R. 20]  On October 25, 2012, the Court entered an Order noting its concern that Smith might have been released before he received the defendants' motion, and directing the Clerk of the Court to send him an additional copy of the defendants' motion at this new address.  That Order also directed Smith to file a response to the defendants' motion to dismiss or for summary judgment within 21 days, and expressly warned him that it would grant the motion to dismiss if he failed to do so. [R. 21]

---

[1] Originally, the named defendants were: (1) D. L. Stine, Warden, FCI-McCreary; (2) M. M. Mitchell, Warden, FCI-Edgefield; (3) L. Gregorey, Health Care Administrator, USP-McCreary; (4) K. Baker, Nurse Practitioner, USP-McCreary; (5) L. Rosario, Health Care Administrator, FCI-Edgefield; and (6) L. Blocker, Health Care Administrator, FCI-Edgefield.

Smith's 21-day response time has come and gone without any response from him. Counsel for the defendants has not indicated that the service copy of the motion to dismiss was returned as undeliverable to him at FCI-Edgefield, and the record does not indicate that the Court's October 25, 2012, Order mailed to Smith at his new address in Las Vegas was returned. According to the Bureau of Prisons' website, Smith was released from federal custody on November 16, 2012.[2]

## II

A federal court has inherent authority to dismiss an action on its own motion if a party fails to prosecute the case or to comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). An involuntary dismissal for failure to prosecute generally operates as an adjudication on the merits. *Pepin v. Larchwood Healthcare Group, Inc.*, No. 1:11-cv-964, 2012 WL 253328, at *2 (N.D. Ohio Jan. 26, 2012).

A district court must consider four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*citing Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

---

[2] See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=148441-1718x=718y=10 (last visited on December 5, 2012).

The first factor favors dismissal because Smith has failed to respond to the motion to dismiss, despite the fact that the defendants' counsel certified mailing a copy of that motion to him and the fact that the Court subsequently notified him that he had 21 days in which to respond to the motion to dismiss. More than three months have passed since the defendants filed their motion. For this reason, plus the fact that there is no evidence that Smith did not receive notice that it was filed, the Court concludes that Smith has intentionally abandoned his claims. The second and third factors also warrant dismissal of Smith's claims, given the procedural history of this case. The defendants have expended considerable time and resources to defend this action, but Smith failed to respond to the defendants' motion to dismiss or otherwise diligently prosecute this action.

Further, in light of Smith's disregard of the Court's Order directing him to respond to defendants' motion to dismiss or, alternatively for summary judgment, the dismissal will be *with* prejudice. Dismissal with prejudice is warranted where a plaintiff has discontinued participating in a case which he initiated, either by failing to respond to discovery requests, motions to dismiss, or motions for summary judgment after the court has warned the plaintiff that inaction would result in dismissal of his claims. *See Pepin*, 2012 WL 253328, at *2; *Jarnigan v. Steele*, No. 3:10-1034, 2011 WL 4437153 at *3 (M.D. Tenn. Sept. 23, 2011); *Williams v. Santiago*, No. 08-10044, 2009 WL 2886051, at *3 (E.D. Mich. Sept. 1, 2009); *Eagles Nest Ranch & Academy v. Bloom Tp. Bd. of Trustees*, No. 2:06-cv-242, 2007 WL 2359763, at *4 (S.D. Ohio Aug. 16, 2007); *R.T. ex rel. Harris v. Cincinnati Public Schools*, No. C-1-05-605, 2006 WL 1476199, at *1-2 (S.D. Ohio May 25, 2006). Smith's claims against the USP-McCreary defendants in his complaint [R. 2] and supplemental complaint [R. 8]

4

will therefore be dismissed with prejudice and the defendants' motion to dismiss will be denied as moot.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Shyheem Lee Smith's Complaint [R. 2] and Supplemental Complaint [R. 8] against the USP-McCreary defendants are **DISMISSED WITH PREJUDICE**.

2. The motion to dismiss, or in the alternative, motion for summary judgment filed by defendants D. L. Stine, Warden; L. Gregory, Health Care Administrator; and K. Baker, Nurse Practitioner [R. 18] is **DENIED** as **MOOT**.

3. The Court will enter a judgment contemporaneously with this Memorandum Opinion and Order.

4. This matter is **STRICKEN** from the active docket.

This 11th Day of January 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge